# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 25, 2006       Decided October 13, 2006

No. 04-1398

NEW MEXICO ATTORNEY GENERAL,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

SOUTHWEST POWER POOL, INC., ET AL.,
INTERVENORS

———

Consolidated with
04-1399

———

On Petitions for Review of Orders of the
Federal Energy Regulatory Commission

———

*Paul L. Zimmering* argued the cause for petitioners. With him on the briefs were *Michael R. Fontham*, *Noel J. Darce*, *Stuart M. Bluestone*, Deputy Attorney General, Attorney General's Office for the State of New Mexico, and *Jeff Taylor*, Assistant Attorney General.

*Beth G. Pacella*, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With her on the

brief were *John S. Moot*, General Counsel, and *Robert H. Solomon*, Solicitor. *Lona T. Perry*, Attorney, entered an appearance.

*Michael E. Small* argued the cause and filed the brief for intervenor Southwest Power Pool, Inc.

Before: SENTELLE, ROGERS, and GARLAND, *Circuit Judges*.

PER CURIAM: By orders issued February 10, 2004, and October 1, 2004, the Federal Energy Regulatory Commission (FERC) conditionally approved, subject to the submission of further compliance filings, Southwest Power Pool's (SPP's) application for recognition as a Regional Transmission Organization. *See Southwest Power Pool,* 106 F.E.R.C. ¶ 61,110 (2004), *order on reh'g*, 109 F.E.R.C. ¶ 61,010 (2004). On November 26, 2004, the Petitioners filed the instant petitions for review, challenging the February 10 and October 1, 2004 orders. On January 24, 2005, FERC issued an order accepting SPP's compliance filing on the ground that it satisfied the 2004 orders. *See Southwest Power Pool*, 110 F.E.R.C. ¶ 61,046 (2005). The Petitioners never sought review of the January 24, 2005 order.

The Petitioners' failure to seek review of the January 2005 order deprives this court of jurisdiction to hear their challenge. Section 313(b) of the Federal Power Act provides that a party seeking judicial review of a FERC order must be aggrieved by that order. *See* 16 U.S.C. § 825*l*(b). "A party is aggrieved within the meaning of § 313(b) if it can establish both the constitutional and prudential requirements for standing." *Public Util. Dist. No. 1 v. FERC*, 272 F.3d 607, 613 (D.C. Cir. 2001). In *DTE Energy*, we held that a party petitioning for review of an order that is "conditional, subject to a further compliance filing" can "show no injury-in-fact" -- and hence cannot satisfy the

requirements of constitutional standing -- because such an order is "without binding effect." *DTE Energy Co. v. FERC*, 394 F.3d 954, 960-61 (D.C. Cir. 2005); *see Transmission Agency of N. Cal. v. FERC,* No. 05-1400, slip op. at 1-2 (D.C. Cir. Mar. 13, 2006); *California Dep't of Water Res. v. FERC*, 306 F.3d 1121, 1125-26 (D.C. Cir. 2002). It is "not until . . . the Commission accept[s] the compliance filing, that [Petitioners can] demonstrate actual injury." *DTE Energy*, 394 F.3d at 961.

The fact that FERC accepted SPP's compliance filing after the Petitioners sought judicial review of the 2004 orders is insufficient, of itself, to cure the defect in the Petitioners' request for judicial intervention. *See Transmission Agency of N. Cal.*, No. 05-1400, slip op. at 1-2. "Standing is assessed at the time the action commences, i.e., in this case, at the time [Petitioners] sought relief from an Article III court." *Entergy Servs., Inc. v. FERC*, 391 F.3d 1240, 1245 (D.C. Cir. 2004) (internal quotation marks omitted); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 191 (2000). Because the orders from which relief was sought were "conditional, subject to a further compliance filing," the Petitioners lacked standing at the time the action commenced. *DTE Energy*, 394 F.3d at 960. Although the Petitioners would have had standing to petition for review of the January 2005 order that accepted the SPP's further filing, and in so doing to challenge the 2004 interlocutory orders upon which that order was based, *see Ciralsky v. CIA*, 255 F.3d 611, 668 (D.C. Cir. 2004), they failed to file the necessary petition for review. Accordingly, the petitions must be dismissed for lack of jurisdiction.

*Dismissed*.