**ILLINOIS MUNICIPAL GAS AGENCY, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Interstate Natural Gas Association of America, et al., Intervenors.**

**No. 06–1006.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2007.

Rehearing En Banc Denied Jan. 30, 2008.

Philip B. Malter, Malter & Mickum, Annapolis, MD, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Beth Guralnick Pacella, Federal Energy Regulatory Commission Washington, D.C., for Respondent.

Timm Larkin Abendroth, Joan Dreskin, Interstate Natural Gas Association of America, Robert Turnbull Hall, III, Thelen Reid Brown Raysman & Steiner LLP, Washington, D.C., Thomas Christopher Gorak, Gorak & Bay, LLC, Honolulu, HI, for Intervenors.

Before: GARLAND and BROWN, Circuit Judges and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the Federal Energy Regulatory

Commission and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be dismissed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

Petitioners seek review of two FERC orders that address the Commission's policy on "selective discounting" by natural gas pipelines.[1] In the challenged orders, FERC reaffirmed its general policy on discounting, under which pipelines (with Commission approval) may offer discounts to meet competition. The Commission reasoned that this policy would benefit all pipeline customers—even those not receiving the discounts—by allowing pipelines to maximize their throughput, and thus spread their fixed costs across a larger customer base. Petitioners assert that this policy is arbitrary and capricious and contrary to law because the Commission failed to demonstrate that the discount policy will benefit "captive" customers.

We need not address the merits of the petition because we conclude that petitioners do not have standing. The challenged orders affirm FERC's general policy on selective discounting, but do not permit any specific pipelines to offer discounts. Thus, petitioners have not suffered a legally cognizable injury as a result of these orders. The only injury petitioners could assert is that they—as captive customers—are forced to pay higher rates be-

cause of discounts being given to non-captive customers. But such injury is purely "conjectural or hypothetical" at this point because no discounts have been permitted by the orders under review. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Also, pipelines must obtain the Commission's approval to take credit for discounts during ratemaking, and FERC has refused pipelines such credit on several occasions in the past. This Court has held that petitioners do not have standing when their alleged injury is conditional upon further agency action. *See, e.g., New Mexico A.G. v. FERC*, 466 F.3d 120, 121–22 (D.C.Cir.2006).

Petitioners assert that this matter is justiciable because FERC denied a petition for rulemaking. Denial of a petition for rulemaking does create a cause of action, but does not necessarily confer standing. *See Quincy Cable v. FCC*, 768 F.2d 1434, 1447 n. 29 (D.C.Cir.1985). Petitioners have failed to demonstrate that they have been injured by the present policy which they would like to see revoked by rule, so a denial of rulemaking also would not give rise to injury.

We note in conclusion that petitioners will not be left without a remedy: FERC has unequivocally stated that its discount policy "will be fully reviewable upon its application in an individual pipeline proceeding." FERC's Br. at 25–26.

The petitions for review are dismissed.

1. The orders under review are: *Policy for Selective Discounting*, Order Reaffirming Discount Policy and Terminating Rulemaking Proceeding, 111 FERC ¶ 61,309 (2005); *Policy for Selective Discounting*, Order Denying Rehearing, 113 FERC ¶ 61,173 (2005).