# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-1493**

DTE ELECTRIC COMPANY, ET AL.,
        PETITIONERS

v.

FEDERAL ENERGY REGULATORY COMMISSION,
        RESPONDENT

AMEREN ILLINOIS COMPANY, AMEREN ILLINOIS, ET AL.,
        INTERVENORS

**September Term, 2021**
FILED ON: AUGUST 2, 2022

---

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

---

Before: TATEL,[*] KATSAS, and JACKSON,[†] *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the Federal Energy Regulatory Commission and on the briefs and oral argument of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** that the petition for review be **DISMISSED**.

In 2019, the Midcontinent Independent System Operator filed an amendment to its tariff under section 205 of the Federal Power Act, 16 U.S.C. § 824d. FERC approved the amendment subject to the condition that MISO submit within 45 days a compliance filing to modify the amendment as initially proposed. *Midcontinent Indep. Sys. Operator, Inc.*, 172 FERC ¶ 61,132, P 18 (2020) (Conditional Order). DTE Electric Co. and several other protestors applied for rehearing of this order. FERC denied their applications by failing to act on them within 30 days,

---

[*] Circuit Judge Tatel assumed senior status after this case was argued and before the date of this judgment.

[†] Circuit Judge, now Justice, Jackson was a member of the panel when this case was argued but did not participate in the judgment.

*see* 16 U.S.C. § 825*l*(a), whereupon the protestors filed a petition for review in this Court. While these events were unfolding, MISO submitted its compliance filing, which FERC accepted without protest. *Midcontinent Indep. Sys. Operator, Inc.*, Dkt. No. ER20-588-002 (FERC Nov. 5, 2020) (Compliance Order).

Although FERC does not contest our jurisdiction, we have "an independent obligation to determine whether [it] exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Adherence to that duty compels us to dismiss this case. A party "petitioning for review of an order that is 'conditional, subject to a further compliance filing' can 'show no injury-in-fact'—and hence cannot satisfy the requirements of constitutional standing—because such an order is 'without binding effect.'" *N.M. Att'y Gen. v. FERC*, 466 F.3d 120, 121 (D.C. Cir. 2006) (quoting *DTE Energy Co. v. FERC*, 394 F.3d 954, 960 (D.C. Cir. 2005)); *see also Transmission Agency of N. Cal. v. FERC*, No. 05-1400, slip op. at 1 (D.C. Cir. Mar. 13, 2006); *Cal. Dep't of Water Res. v. FERC*, 306 F.3d 1121, 1125–26 (D.C. Cir. 2002). Such a party is aggrieved only after "the Commission accepts the compliance filing," thereby giving final approval to the initial filing as modified. *N.M. Att'y Gen.*, 466 F.3d at 122 (cleaned up). The protestors therefore lack standing to challenge the Conditional Order.

Nor may we review the Compliance Order. That order may have injured the protestors, but we do not have jurisdiction to review an order issued under the Federal Power Act unless the party seeking review first sought rehearing of the order before FERC. 16 U.S.C. § 825*l*(a); *New Eng. Power Generators Ass'n v. FERC*, 879 F.3d 1192, 1197–98 (D.C. Cir. 2018). The protestors sought rehearing only of the Conditional Order.

For these reasons, we dismiss the petition for review. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:　/s/
Daniel J. Reidy
Deputy Clerk